IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:     6:13-cv-1243-orl-36DAB

| | |
|---|---|
| AVIATION ONE OF FLORIDA, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § |
| | § |
| AIRBORNE INSURANCE | § |
| CONSULTANTS, LTD, AFRICA | § |
| TOURS AND TRAVEL, LLC D/B/A S.A. | § |
| GUINEA AND MOHAMED DIAOUNE, | § |
| | § |
| Defendants. | |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and states:

**PARTIES**

1. Plaintiff Aviation One of Florida, Inc. ("Aviation One") is a Florida corporation with its principal place of business within the Middle District of Florida and brings this action.

2. Defendant, Airborne Insurance Consultants, Ltd, authorized agent of Guardrisk, describes itself as an "aviation insurance broker based in South Africa," founded by Ryan Forrester and Scott Smith, two aviation brokers; it advertises it is a supplier of "insurance solutions on an international level." It is referred to herein as "Airborne."

1

3.  Defendant Mohamed Diaoune is a resident of the state of Georgia.

4.  Defendant Africa Tours and Travel, LLC d/b/a SA Guinee) (hereinafter "SA Guinee) is a Georgia limited liability company whose members include Mohamed Diaoune.

5.  Although not authorized to engage in business in the state, Airborne as agent bound, issued and delivered a policy of aviation insurance to Florida resident Aviation One in Florida, to insure an aircraft that was in Florida at the time coverage was issued.

6.  The subject aircraft was registered and located in a hangar in Volusia County, Florida.

7.  Airborne engaged in business correspondence with Aviation One in connection with the procurement of the insurance and servicing of the account, issued and delivered in Florida coverage binders, a contract of insurance and renewal to Aviation One as registered owner of Beech model 1900C aircraft, serial no.: UB-24, registration no.: N218VP  (the "1900C").

8.  This Court has jurisdiction pursuant to 28 USC section 1332 as the parties include citizens of different States, citizens of a foreign state, and the amount in controversy exceeds $75,000.

9.  Venue lies in the Middle District of Florida, where Plaintiff resides and payment was due and by applicable law and contract as set forth below.

10. All conditions precedent to this action have occurred or been waived.

## CONTRACTS

11. An aircraft lease agreement was entered into between lessee SA Guinee and Aviation One on September 2, 2008, in Florida (the "Lease"). After insurance was procured for the 1900C at SA Guinee's expense in accordance with the Lease, the 1900C was delivered to SA Guinee at its storage facility in Daytona Beach, Florida. The term of the Lease was 1-year.

12. The Lease was subject to a renewal entered into in Daytona Beach, Florida on September 1, 2009. Copies of the Lease, its renewal and the personal guaranty of same by Defendant, Mohamed Diaoune, are appended hereto as Composite Exhibit "A."

13. At the time of commencement of the Lease and before delivery of the aircraft, Lessee was required to procure insurance, which it did, from Airborne, which binder delivered to Aviation One in Florida agreeing to procure insurance to cover all losses as required by the Lease terms. A copy of the binder from Airborne for the initial (August 18, 2008 – August 19, 2009) and renewal (August 18, 2009 – August 17, 2010) coverage is attached as Composite Exhibit "B."

14. The Lease provided, among other things that

- The Agreement shall be construed in accordance with the laws of the United States of America, the State of Florida and Volusia County.

- All disputes shall be settled by judicial proceedings in the County of Volusia, State of Florida.

- Lessee shall not operate the Aircraft nor permit it to be operated in any areas or for any purpose excluded from coverage by any insurance policy.

- The insurance shall provide coverage for a hull value of no less than $1,200,000 US Dollars and liability insurance of $10,000,000 US Dollars.

- Lessee is responsible to pay all expenses associated with adjusting or collecting insurance proceeds.

- Lessee agrees in all respects it has the "responsibility to comply with applicable Federal Aviation Regulations" and other law.

- Lessee agrees it is responsible for payment of any insurance deductible.

- Lessee is responsible to indemnify and hold harmless Aviation One, its officers, directors, agents, owners and assigns from all damages, costs, including legal costs and expenses, without limitation arising out of or connected with Lessee's use or operation of the 1900C.

- The breach of any insurance obligation constitutes a default of Lessee under the Lease.

15. A copy of the Lease was delivered to Airborne. Airborne was requested to obtain insurance coverage in accordance with the Lease. It was also requested to provide a policy that included breach of warranty coverage.

16. Issued and delivered in Florida to Aviation One by Airborne was Guardrisk policy of aviation insurance no.: AVD43751 naming "S.A. Guinee and/or Aviation One" as "Insured," for the initial and renewal period August 18, 2008

through August 17, 2010 (the "Policy"). A copy of the Policy is appended to this Complaint as Exhibit "C." [1]

17. The nature of the coverage that Airborne was to secure for Aviation One was as set forth in the policy, "[t]he parties comprising the Insured shall each be considered as a separate and distinct unit and the words 'the Insured' shall be considered as applying to each party and in the same manner as if a separate policy had been issued to each of the parties." See Exhibit "C."

18. The Policy having limits of $10,000,000 U.S., states

> [i]n consideration of the payment of the premium by or on behalf of the insured [Aviation One] prior to the inception date and the insured having by proposal or declaration, which shall form the basis of this insurance and is deemed to be incorporated herein, applied to Guardrisk Insurance Company for the insurance hereinafter set out, the insurer agrees subject to the Terms, Conditions, Warranties, Exclusions, Deletions, Definitions, Clauses and limitations contained herein or endorsed hereon, to indemnify or compensate the insured for any physical loss, damage or liability as provided for in the policy but only in respect of an accident (as defined) occurring during the Period of Insurance as stated in the Schedule hereto.

19. The policy covers "loss of or damage to" the 1900C and provides "[i]n each and every event giving rise to a claim [insurer] shall have the sole discretion to pay the insured the total value of the aircraft as stated in the policy … irrespective of whether the aircraft is repairable or a total / constructive loss." Pursuant to

---

[1] Guardrisk Insurance Company Ltd. is believed to be a company incorporated in the Republic of South Africa; it is not registered to conduct business in Florida nor is it authorized as an insurer with the state of Florida, Department of Financial Services.

the Lease, the "Total Value" is defined to mean the 1900C's "value [as] agreed between the insured and the insurer," here $1,200,000 per the policy and Lease terms. Id.

20. Airborne was from time-to-time advised of additional pilots to be added to the policy. Prior policy renewal on August 18, 2009, Airborne was advised in writing of a new pilot to be added to the policy, Duane Wilson.

21. Attached as Composite Exhibit "D" (Part I and II) is exemplary correspondence concerning business communications and related information Airborne directed to Florida, as well as the action and inaction on the part of Airborne.

## 1900C CRASH

22. On September 1, 2009, the 1900C crashed during takeoff from the Lero Mine airstrip in Guinea, West Africa.

23. The 1900C aircraft suffered extensive structural damage and was not repairable. The estimated cost of repair was $1,145,000 US, an amount the insurance investigator noted "virtually equaled the Total Value."

24. At the time of the crash, the plane was being piloted by Duane Wilson.

25. The insurer denied cover because Mr. Wilson was not a listed pilot of the 1900C.[2]

---

[2] The issue of runway length was soundly disproved as the runway is 4101', substantially longer than the 1200m specified by the 1900C's manufacturer. Plaintiff has maintained the policy should provide coverage; however, Plaintiff has also (a) suffered damages outside of the policy's

26. In addition, the policy did not respond under breach of warranty coverage that was previously requested and confirmed at full hull value, as Airborne expressly admitted its former employee had failed to procure it. <u>See</u> Exhibit "D."

## <u>COUNT I</u>
## NEGLIGENCE – AIRBORNE

27. This is an action for negligence with damages in excess of $75,000 against Airborne.

28. Paragraphs 1 through 25 and the Exhibits are incorporated by reference herein.

29. Airborne was agent the agent of the Plaintiff, Aviation One and its lessee at the time coverage was requested for the 1900C, including coverage limits pursuant to the Lease and a "BOW," or "breach of warranty" endorsement to cover  the full hull value in the event of loss.[3] <u>See</u> Exhibit "D."

30. Airborne was further fully advised of additional pilots that were to be added to the policy, including, but not limited to, Duane Wilson, who was piloting the 1900C at the time of the crash.

---

coverage as a result of Airborne's misfeasance and nonfeasance; and (b) should the insurer prevail on its claim that there is no coverage, it will be as a result of Airborne's negligent performance of its duties. Accordingly, Plaintiff files this action within the time allowed by law. <u>Hardy Equip. Co., Inc. v. Travis Cosby & Assocs., Inc.</u>, 530 So. 2d 521, 522 (Fla. 1st DCA 1988).

[3] In the alternative, if Airborne contends it is not the agent of Aviation One it is still liable for its negligent conduct.

31. Airborne negligently furnished a policy of insurance from an insurer not authorized to insure a loss in Florida.

32. Airborne was negligent in completing the policy paperwork, failing to include the BOW coverage in the renewal policy provided to Aviation One.

33. Airborne entrusted Defendant-Airborne to adequately, appropriately, correctly and properly procure the desired coverages.

34. As insurance agent, Airborne owed a duty to Aviation One to perform the services in a reasonable manner in compliance with the standard of care of a reasonable competent insurance agent.

35. While Airborne purports to have obtained approval from SA Guinee on various binders, Airborne failed to obtain approval of Aviation One. In addition, as the self-proclaimed expert in aviation insurance, Aviation One, relied on Airborne to comport with its duty competently obtain insurance in accordance with the Lease (which Airborne was provided from the outset) and the parties' requests.

36. The insurer has failed and refused to provide insurance benefits to Aviation One due to its contention that coverages were not requested on behalf of Aviation One by Airborne.

37. Any omissions of requests for or requirements of coverage are a direct result of Airborne's negligent breach of its duty to properly procure the coverages.

38. As a result of Airborne's negligence, Aviation One has been damaged in the amount of the insurance proceeds that Aviation One would have received, but for the negligence of Defendant Airborne.

39. Additional damages as a direct consequence of Airborne's negligence consist of

   (a) the costs associated with the failure to procure BOW coverage, including interest, fees and charges;

   (b) legal fees and costs in pursuing claims against the insurer in South Africa;

   (c) loss of use damages as the lack of coverage meant Aviation One was unable to procure a replacement aircraft.

40. Airborne is liable for the damages suffered by Aviation One and despite demand it has failed and refused to satisfy Aviation One's loss.

WHEREFORE, Aviation One prays for an award of damages, including consequential damages, prejudgment interest and legal costs against Defendant, Airborne.

<u>**COUNT II**</u>
**COMMON LAW <u>INDEMNITY</u> – AIRBORNE**

41. This is an action for common law indemnity against Airborne with damages in excess of $75,000.

42. Paragraphs 1-25, 29-39 and the Exhibits are incorporated by reference.

43. Aviation One is wholly without fault in this action and it has incurred damages and obligations to pay legal fees and costs, travel and transportation expenses, and sums owed to the third-party lender on the 1900C solely as a result of

Airborne's multiple acts of negligence and negligent omissions in securing insurance for Aviation One as described herein.

44. But for the negligent conduct of Airborne, Aviation One would not have been caused to incur expenses or suffered damages, including damage due to loss of use of the aircraft.

45. Aviation One is entitled to indemnity from Airborne and Airborne is liable for its damages, including consequential damages, legal fees and costs incurred in attempting to pursue claims against third-parties.

WHEREFORE Aviation One prays for an award of damages, including consequential damages, prejudgment interest and legal costs against Airborne.

## COUNT III
## BREACH OF GUARANTEE – MOHAMED DIAOUNE

46. This is an action for damages against Mohamed Diaoune for breach of guarantee with damages in excess of $75,000.

47. Paragraphs 1-25 and Exhibits are incorporated by reference.

48. SA Guinee defaulted in performing under the Lease.

49. Mohamed Diaoune guaranteed all obligations of SA Guinee under the Lease.

50. Pursuant to the Guaranty attached as part of Composite Exhibit "A," Mr. Diaoune is personally liable for damages suffered, the insurance deductible, consequential damages, loss of use damages, legal fees and costs incurred by Aviation One.

51. Mr. Diaoune has failed to make payment in satisfaction of his obligations under the Guaranty.

WHEREFORE Aviation One prays for judgment for damages, including consequential damages, legal fees and costs against Mohamed Diaoune.

## <u>COUNT IV</u>
## BREACH OF LEASE - SA GUINEE

52. This is an action for damages and contractual indemnity pursuant to the Lease.

53. Paragraphs 1-25 and Exhibit "A" are incorporated by reference.

54. SA Guinee breached the Lease in failing to make payment of rents to Aviation One.

55. In addition, SA Guinee has failed to indemnify Aviation One as required by the terms of the Lease, resulting in damage to Aviation One in the form of costs and expenses in attempting to cover its loss.

56. SA Guinee also failed to tender payment of the insurance deductible as required by the Lease.

57. As a direct result of SA Guinee's failure to make payment pursuant to the Lease, Aviation One has suffered damages, including consequential damages and loss of use, for which sums SA Guinee is liable.

58. In addition to damages, SA Guinee is liable for attorney's fees and costs incurred in pursuing its claims and in bringing this action, pursuant to the terms of the Lease.

WHEREFORE, Aviation One prays for judgment for damages, including consequential damages, prejudgment interest, attorney's fees and legal costs against Defendant SA Guinee.

## DEMAND FOR JURY TRIAL

Aviation One demands trial by jury for all claims herein.

DATED: 14 August 2013

Respectfully submitted,

s/Rosemary Hayes
Rosemary H. Hayes
Florida Bar no. 549509
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
rhayes@const-law.com
tcochran@const-law.com
Tel. 407.649.9974, ext. 214
Fax 407.649.9379

**ATTORNEYS FOR PLAINTIFF
AVIATION ONE OF FLORIDA, INC.**