THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AVIATION ONE OF FLORIDA, INC.,

          Plaintiff,

vs.

AIRBORNE INSURANCE CONSULTANTS
(PTY), LTD, AFRICA TOURS AND TRAVEL,
LLC D/B/A S.A. GUINEA AND MOHAMED
DIAOUNE,

          Defendants.

CASE NO.: 6:13-cv-01243-CEH-DAB

## DEFENDANT AIRBORNE INSURANCE CONSULTANTS (PTY), LTD'S MOTION FOR A STAY OF DISCOVERY AND INCORPORATED MEMORADUM OF LAW

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant AIRBORNE INSURANCE CONSULTANTS (PTY), LTD respectfully moves this Court for the entry of an order staying all discovery on the merits pending a ruling on Airborne's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"), Dkt. 34. Airborne's Motion to Dismiss for lack of personal jurisdiction is fatal to Plaintiff's claims, and if granted, will dispose of Plaintiff's case in its entirety. A stay of discovery is necessary to promote judicial efficiency and eliminate undue burden on the Court and the parties for discovery that may be obviated by the Court's disposition of the pending Motion to Dismiss. *See, e.g.*, *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462 (M.D. Fla. Feb. 22, 2011) (granting stay of discovery pending ruling on defendant's motion to dismiss for lack of personal jurisdiction which argued that neither specific personal jurisdiction nor general personal jurisdiction existed under Florida's Long Arm Statute). In support of this Motion, Airborne states:

1

## BACKGROUND

This lawsuit is against a South African insurance broker for an alleged negligent failure to procure the appropriate insurance coverage from a South African insurance company for an aircraft that was based in South Africa. On February 20, 2014, Airborne filed its Motion to Dismiss the Complaint in its entirety. In it, Airborne argued that this Court does not have jurisdiction over Airborne under Florida's long-arm statute because Airborne did not "commit a tort" in Florida because any alleged negligent conduct occurred in South Africa; did not "contract to insure" property or a risk in Florida (or any risk at all) because Airborne is not an insurance company; nor did Airborne carry on a business venture in Florida or receive any money from a Florida entity. Airborne also argued that, assuming long-arm jurisdiction exists, asserting jurisdiction over Airborne would violate due process. Since filing this brief Airborne learned that Plaintiff filed suit in South Africa against Guardrisk, the actual insurer, regarding the aircraft insurance claim at issue in this lawsuit. Plaintiff confirmed that the South African litigation is pending but has not provided any further details. Then, on March 17, Plaintiff filed a Response in Opposition to Airborne's Motion to Dismiss. Dkt. 39. On March 20, Airborne asked for leave to file a Reply in order to address case law that is inapplicable to Plaintiff's causes of action and to address new arguments raised for the first time in the Reply. Dkt. 41. That motion is pending.

Then, on March 28, Plaintiff filed the Joint Case Management Report. Dkt. 43. In the Report, Airborne requested a preliminary pretrial conference before entry of a Case Management and Scheduling Order. One of the unresolved issues to be addressed at the conference was the fact that Airborne had filed a dispositive Motion to Dismiss and that Airborne objected to any discovery prior to a ruling on its Motion to Dismiss. In addition, in the Case Management Report the mandatory initial disclosures are slated to be due on April 14, 2014. The discovery deadline

is not proposed to occur until June 1, 2015, with a proposed trial date of December 1, 2015. *Id.*

The instant motion is necessary because the parties cannot reach concurrence as to whether a temporary stay of discovery pending a ruling on Airborne's Motion to Dismiss is warranted. Airborne's Motion to Dismiss raises meritorious legal challenges to this Court's jurisdiction over Airborne that should be resolved as a matter of law before Airborne is burdened by costly discovery. It is well within the discretion of the Court to temporarily stay discovery pending resolution of Airborne's Motion to Dismiss. Such a temporary stay would promote the efficient use of the parties' resources and would not prejudice Plaintiff.

## MEMORANDUM OF LAW

**A.      Legal Standard**

Federal Rule of Civil Procedure 26(c) allows courts to issue protective orders from discovery for "good cause" to protect a party from "annoyance . . . oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). It is well-settled that a trial court has the power to stay discovery while a motion to dismiss based on jurisdictional or other grounds is pending. *See e.g.*, *Kilma v. Carnival Corp.*, No. 08-20335-CIV, 2008 WL 4559231 (S.D. Fla. Oct. 10, 2008) (staying discovery on the merits pending determination of motion to dismiss for lack of personal jurisdiction); *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462 (M.D. Fla. Feb. 22, 2011) (staying discovery on the merits pending resolution of a motion to dismiss for lack of personal jurisdiction); *Minton v. Jenkins*, No. 5:10CV61/RH/EMT, 2011 WL 2038700 (N.D. Fla. May 24, 2011) (staying discovery on the merits pending a decision on a motion to dismiss); *McCabe v. Foley*, 223 F.R.D. 683 (M.D. Fla. 2006) (staying discovery since a "preliminary peek" at the motions to dismiss revealed that the defendants had raised "meritorious challenges to the legal sufficiency" of the complaint); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (staying discovery on the merits pending a ruling

3

on defendant's motion to dismiss based on the statute of limitations).

In *Chudasama v. Mazda Motor Corp.*, the Eleventh Circuit concluded that discovery should be stayed until resolution of the pending motion to dismiss. 123 F.3d 1353, 1367–68 (11th Cir. 1997). The court explained that discovery imposes many costs on the parties and can tax scarce judicial resources when discovery disputes arise. *Id.* The Eleventh Circuit stressed in no uncertain terms that:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scare judicial resources, and damage the integrity of the public's perception of the federal judicial system.

*Id.* at 1368 (footnotes omitted). Likewise, in *Moore v. Potter*, the Eleventh Circuit reiterated that "'any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'" 141 Fed. App'x 803, 808 (11th Cir. 2005) (finding no error in the district court's imposition of a stay pending the resolution of a motion to dismiss).

In determining whether to stay discovery where a motion to dismiss is pending, courts typically consider the need for discovery to rule on the pending motion, the harm to the non-moving party resulting from a stay, and the legitimacy of the pending motion to dismiss examined only with a "preliminary peek." *See Nankivil*, 216 F.R.D. at 692; *Moore v. Shands Jacksonville Med. Ctr.,* No. 09-cv-298, 2009 WL 4899400, at * 1 (M.D. Fla. Dec. 11, 2009). Here, as set forth more fully below, each of these factors strongly weighs in favor of staying

discovery pending the resolution of Airborne's Motion to Dismiss.

B.  **A Temporary Stay Will Avoid Unnecessary and Substantial Discovery Costs**

The Eleventh Circuit held in *Chudasama* that the Court has an obligation to manage and limit discovery in order to avoid unnecessary discovery costs, and recognized that such costs can be quite expensive and burdensome. *Chudasama*, 123 F.3d at 1367–68. The Court stated:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneysl fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Id.* at 1367.

Here, Defendant Airborne is a South African company with no offices in Florida, and responding to discovery will be extremely costly and burdensome for Airborne. Airborne will suffer undue hardship if it is required to engage in any discovery prior to a decision on the pending Motion to Dismiss. For example, if Airborne were forced to respond to any Requests for Production, it would require Airborne to expend time and money to retrieve and produce the requested materials. The discovery related to this litigation is likely to be particularly burdensome and costly for Airborne given the claims involved and the unique burden on foreign citizens of defending a lawsuit abroad. A stay is further justified by the unique burden and expenses placed on both parties when dealing with foreign entities defending a suit in the United States. In particular, it will be difficult to depose any of Airborne's current or former employees as they all live in South Africa, and either or both of the parties will have to incur significant costs of travel for their depositions. All of Airborne's computer servers and paper documents are likewise located in South Africa, and if discovery proceeds their production is expected to be

quite detailed and costly. These significant burdens and expenses on Airborne, as well as Plaintiff, can be avoided if the Court grants Airborne's Motion to Dismiss. The unfair burdens imposed upon Airborne in responding to any discovery, including the mandatory initial disclosures, far outweigh any inconvenience to Plaintiff.[1]

C.  **Airborne's Motion to Dismiss Should Result in the Complete Disposition of the Case**

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (internal quotation marks omitted).

In this case, a "preliminary peek" shows that Airborne has raised meritorious challenges to the Complaint. Specifically, in the Motion to Dismiss Airborne argues Plaintiff has failed to establish a *prima facie* case of personal jurisdiction. Instead, what the facts show is that a South African company had a relationship with a corporation based out of West Africa, to help procure insurance from a South African insurer for an aircraft that was operating out of West Africa. Plaintiff, the lone connection to Florida, was the passive owner of the aircraft and had no relationship at all with Defendant Airborne except for limited contact following the insurer's denial of the claim. Airborne produced an affidavit from one of its directors that contradicted the allegations of the Complaint and shows that personal jurisdiction over Airborne is improper. In addition, even the exhibits attached to the Complaint prove that Florida jurisdiction is improper

---

[1] Airborne anticipates that Plaintiff may argue that discovery should not be stayed because the Complaint was filed on August 14, 2013, and seven months have passed since then. Airborne, however, cannot be penalized for Plaintiff's failure to serve Airborne in a timely manner. Plaintiff did not serve Airborne until January 10, 2014.

because Airborne did not conduct a business venture in Florida nor commit a tort in Florida given its very limited Florida contact, and conclusively show that Guardrisk, not Airborne, "contracted to insure" within the meaning of the Long-Arm Statute. Moreover, Airborne argued that even assuming that personal jurisdiction exists under Florida's Long Arm Statute, personal jurisdiction cannot be exercised because it would be in violation of the Due Process Clause of the 14th Amendment. In the interest of judicial economy, Airborne incorporates the arguments in its Motion, which clearly show that there is no personal jurisdiction over Airborne. *See* Dkt. 34.

D.     **Plaintiff Does Not Need Discovery to Respond to the Motion to Dismiss**

As noted, another factor considered in determining whether to stay discovery pending a dispositive motion is whether the non-moving party needs discovery to respond to the motion. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Staup v. Wachovia Bank, N.A.*, No. 08-60359CUV, 2008 WL 1771818, at *2 (S.D. Fla. Apr. 16, 2008) (granting defendant's motion for temporary stay of initial disclosures and discovery pending determination of defendant's motion to dismiss). In this case, any merits-based discovery is not relevant as to whether there is personal jurisdiction over Airborne. Moreover, it is telling that Plaintiff already filed a response to Airborne's Motion to Dismiss without expressing any need to engage in jurisdictional discovery prior to filing that response. As Plaintiff has already responded, Plaintiff cannot possibly argue now that that any discovery, including the mandatory initial disclosures, is necessary to respond to Airborne's Motion to Dismiss.

E.     **Granting a Stay Will Not Prejudice Plaintiff or Result in Any Other Harm**

A temporary stay of discovery pending a ruling on Airborne's pending Motion to Dismiss will not prejudice Plaintiff. *See McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (holding the Plaintiff would not be prejudiced by a temporary delay in discovery while the potentially

case dispositive motions were decided, and therefore granting stay of discovery). Discovery in this matter is not proposed to close until June 1, 2015, with a proposed trial date of December 1, 2015, which means that if necessary the parties will still have ample time to conduct discovery after the Court rules on Airborne's motion.

## CONCLUSION

Thus, Airborne requests that this Court stay discovery pending a ruling on its pending Motion to Dismiss Plaintiff's Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant Airborne certifies that a conference was held with Plaintiff's counsel regarding the relief requested herein and that Plaintiff's counsel does not agree with the relief requested herein.

/s/ John P. O'Flanagan
John P. O'Flanagan
Florida Bar No.: 0072885
L. Robert Bourgeois
Florida Bar No: 0781540
Erica T. Healey
Florida Bar No: 0086586
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No: (813) 221-1500
Fax No:       (813) 222-3066
Email: bbourgeois@bankerlopez.com
       joflanagan@bankerlopez.com
       ehealey@bankerlopez.com
       Attorneys for DEFENDANT AIRBONE
       INSURANCE CONSULTANTS, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to Rosemary Hayes, Esq., Attorney for Plaintiff. In addition, a true and accurate copy of the above and foregoing has been furnished by U.S. Mail to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA 30043, *self-represented*.

    /s/ John P. O'Flanagan_____
John P. O'Flanagan
Florida Bar No.: 0072885
L. Robert Bourgeois
Florida Bar No: 0781540
Erica T. Healey
Florida Bar No: 0086586
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No: (813) 221-1500
Fax No:        (813) 222-3066
Email: bbourgeois@bankerlopez.com
       joflanagan@bankerlopez.com
       ehealey@bankerlopez.com
       Attorneys for DEFENDANT AIRBORNE INSURANCE CONSULTANTS, LTD.