IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-cv-1243-Orl-36DAB

| | |
|---|---|
| AVIATION ONE OF FLORIDA, INC., Plaintiff, | § § § § |
| V. | § § § |
| AIRBORNE INSURANCE CONSULTANTS (PTY), LTD, AFRICA TOURS AND TRAVEL, LLC AND MOHAMED DAIOUNE, Defendants. | § § § § § § § |

### PLAINTIFF AVIATION ONE INC.'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, Aviation One of Florida Inc., pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 4.01 respectfully requests leave to files its Amended Complaint and states:

### I. INTRODUCTION

Plaintiff, Aviation One of Florida Inc. ("Aviation One") filed its Complaint against Defendants, Airborne Insurance Consultants (PTY), LTD ("Airborne"), Africa Tours and Travel, LLC D/B/A S.A. Guinee (SA Guinee) and Mohamed Diaoune on August 16, 2013. (Doc. # 1) Aviation One filed to correct a misnomer in the name of Airborne, which request was granted. (Doc. # 12, 14) Aviation One was required to spend some time securing service of this action. (Doc. # 10, 27) Since service of the Complaint, there has been no discovery conducted, written or otherwise. Rule 26 discovery disclosures have not been made. Although Airborne has filed a Motion to Dismiss the Complaint for lack of personal jurisdiction (Doc. # 24), none of the named

1

Defendants have answered the complaint.[1] The Case Management Report has been filed but a Case Management Order has not been entered to date. (Doc. # 43) Aviation One is well within the deadline for amending the pleadings and adding parties (which was discussed at the meeting to prepare the Case Management Report), which is May 30, 2014. Id. This Court has not entered any orders on the substantive merits of this case.

Aviation One, through this Motion, requests leave to file its Amended Complaint. Although information remains outstanding, over the short course of this case it has become apparent that Aviation One has grounds to assert a "breach of fiduciary duty" claim against Airborne. Aviation One therefore seeks leave to amend its Complaint to conform the general allegations to include all details now known and add an additional Count as to Airborne arising out of the same facts as the original claims.

In addition, it has been made clear that Aviation One has claims against Clyde & Co., lawyers that represented Airborne and Aviation One, that are properly pursued in the instant proceeding. The proposed Amended Complaint and its Exhibits, is attached as Exhibit "1." The allegations as to SA Guinee and Mr. Diaoune remain unchanged.

### Certificate of Good Faith Conference

Undersigned communicated with Erica T. Healey regarding amendment pursuant to local rule 3.01(g), but counsel could not agree on the resolution of this Motion and Airborne opposes it. Undersigned also inquired of SA Guinee and Mr. Diaoune but has not received any response.

## II. MEMORANDUM OF LAW

A decision whether to grant a motion for leave to amend a complaint is within the discretion of the district court. Forman v. Davis, 371 U.S. 178, 182 (1962). Fed. R. Civ. P. 15(a)

---

[1] Mr. Diaoune attached a proposed answered to his Motion to Set Aside Default (Doc. # 29) but the Motion was denied as moot (Doc. # 30) and no responsive pleadings have been filed.

allows that leave to amend "shall be freely given when justice so requires." The Supreme Court has emphasized "this mandate is to be heeded." Id.  There must be a "justifying reason," for a court to deny leave. See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 442 (11th Cir. 1985) (stating that a "substantial reason" is needed).

Although leave to amend is "freely given when justice so requires," it is not an automatic right. Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting, Fed. R. Civ. P. 15(a)). Even so, "District Courts have only limited discretion to deny a party leave to amend the pleading.  Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." Grayson v. Kmart Corp., 79 F.3d 1096, 1110 (11th Cir. 1996) (citations omitted). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. Id.

**A. Plaintiff did not delay in seeking amendment.**

Plaintiff, Aviation One, seeks to amend its Complaint at the outset of this case – prior to the filing of an answer by the Defendants, prior to the entry of any substantive order on the merits by this Court, prior to the undertaking of any discovery, and just short time following the period in which Aviation One may amend as a matter of course. The deadline is also well within that contemplated in the parties joint Case Management Report. (Doc. # 43 (suggesting deadline of May 30, 2014)). Cf. Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) (noting filing of motion to amend after case management and scheduling order is disfavored).

As such, the Aviation One is not dilatory in now seeking to amend.  Further, Aviation One is seeking a substantive amendment (aside from correcting a misnomer (Doc. # 12)) for the first time.

**B. Defendants are not prejudiced by the amendment sought.**

Neither Defendant will be prejudiced by the amendment sought. As set forth above, the case is still in its early stages. Although Defendant Airborne has filed a motion to dismiss, neither defendant has answered, the Court has not entered any substantive order on the merits, and no written discovery has been propounded. Moreover the allegations as to Defendants, Mohamed Diaoune and to his company, SA Guinee, are identical in the proposed Amended Complaint, so there is no prejudice to him. As to Airborne, the proposed complaint adds an additional count against Airborne based on a new legal theory. However, this also will not result in prejudice to defendant Airborne. Taylor, 875 F. Supp. at 815 ("It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.")

**C. The Amendment Sought Is Not Futile**

Finally, the amendment sought by Aviation One is not futile. Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. Taylor, 875 F. Supp. at 815. Here, Aviation One seeks to amend its Complaint to conform the claims included to the facts now known and learned based on additional information garnered during discussion with and review of records from third parties to add one count for breach of fiduciary duty against Airborne, which arises from the same set of common facts. To establish a claim for breach of fiduciary duty, a party must plead the existence of a fiduciary relationship and a breach thereof, which results in damages. Southtrust Bank & Right Equip. Co. of Pinellas County, Inc. v. Exp. Ins. Servs., Inc., 190 F. Supp. 2d 1304, 1308 (M.D. Fla. 2002) (citing Moss v. Appel, 718 So. 2d 199, 201-202 (Fla. 4th DCA 1998)).

An insurance broker has a fiduciary relationship with an insured. Id. As demonstrated in its proposed Amended Complaint, Aviation One sufficiently pleads a breach of fiduciary duty as to Airborne and a claim for professional negligence adding Clyde & Co. Therefore, amendment is not futile.

### III. CONCLUSION

Aviation One respectfully seeks an Order of this Court granting leave to file its amended Complaint in the form attached as Exhibit 1.

### CERTIFICATE OF SERVICE

I certify that on April 8, 2014 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to John P. O'Flanagan, Esquire, attorney for Defendant, Airborne Insurance Consultants (PTY), Ltd. In addition, a copy was sent by email and U.S. Mail to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA 30043, *self-represented.*

Respectfully submitted,

s/Rosemary Hayes
Rosemary Hanna Hayes, B.C.S.
Florida Bar no. 549509
Meredith Sasso
Florida Bar no. 58189
rhayes@const-law.com
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
Tel. 407.649.9974, ext. 214
Fax 407.649.9379

**COUNSEL FOR PLAINTIFF**