# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AVIATION ONE OF FLORIDA, INC.,**

                              **Plaintiff,**

-vs-                                                                          **Case No.  6:13-cv-1243-Orl-36DAB**

**AIRBORNE INSURANCE
CONSULTANTS (PTY), LTD, AFRICA
TOURS AND TRAVEL, LLC and
MOHAMED DIAOUNE,**

                              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO AMEND/CORRECT COMPLAINT (Doc. No. 51)** |
| **FILED:** | **April 8, 2014** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

        Plaintiff, Aviation One of Florida Inc. ("Aviation One") filed its Complaint against Defendants, Airborne Insurance Consultants (PTY), LTD ("Airborne"), Africa Tours and Travel, LLC d/b/a S.A. Guinea ("S.A. Guinea") and Mohamed Diaoune for negligence, indemnity, and breach of guarantee and lease claims arising out of destruction of an aircraft and denial of the insurance claim. According to Plaintiff, Aviation One leased its aircraft to S.A. Guinea, who obtained insurance through Airborne, an insurance broker[1], for coverage of the aircraft.  Two weeks after the policy was

_____

[1] Airborne subsequently procured a policy for the aircraft through Guardrisk Insurance Company; the renewal was also through Guardrisk.

renewed, on September 1, 2009, the aircraft crashed during takeoff in West Africa.  The insurer

(Guardrisk) has denied coverage based on various policy exclusions, including that the pilot of the

Aircraft at the time of the crash, Duane Wilson, was not covered under the policy.  Doc. 1.

Aviation One alleges that Airborne was the agent of Aviation One and S.A. Guinea at the time

coverage was requested for the aircraft pursuant to the Lease along with a breach of warranty

("BOW") endorsement to cover the full hull value in the event of loss; Airborne was further fully

advised of additional pilots that were to be added to the policy, including Duane Wilson. Aviation

One contends Airborne negligently furnished a policy of insurance from an insurer not authorized to

insure a loss in Florida and was negligent in completing the policy paperwork, failing to include the

BOW coverage in the renewal policy provided to Aviation One.  Doc. 1.  Aviation One now seeks to

add claims against Airborne for breach of fiduciary duty and against counsel for Airborne and

Aviation One, Clyde & Co., for professional negligence.  Doc. 51-1.

### I. Procedural History

Aviation One filed suit on August 16, 2013. On December 13, 2013, Aviation One was

granted leave to correct a misnomer in the name of Airborne as listed in the caption of the case.  *See*

Doc. 12, 14.   Aviation One subsequently had significant problems serving the South Africa

Defendants.  *See* Docs. 10, 26, 27.  On April  15, 2014, Judge Honeywell entered the Case

Management and Scheduling Order ("CMSO"), setting the date for amended pleadings as May 30,

2014.  Doc. 57.

Aviation One now seeks leave to amend the Complaint to add an additional breach of fiduciary

duty claim against the current Defendant Airborne arising out of the same facts as the original claims,

and to assert a new claim against Clyde & Co., the South African lawyers who represented Airborne

and Aviation One.   Airborne is opposed to allowing the amendments (Doc. 59), and the other two

named Defendants, SA Guinee and Mohamed Diaoune, did not respond to the Motion.  Because the

Court finds that the amendment would be timely, will not prejudice Defendants, and is not futile, the

Motion to Amend the Complaint is **GRANTED.**

### II. Standard for Amendment

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings "by leave of court" and directs that "leave shall be freely given when justice so requires." The Eleventh Circuit has observed, "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981). To further this policy, generally a district court may deny a motion for leave to amend only if there is a "substantial reason." *Id.* Leave to amend should be granted within the court's discretion, limited only by the Supreme Court's admonition that leave to amend should not be permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Analysis

Aviation One argues that its Motion to Amend is timely because, since service of the Complaint, there has been no discovery conducted, and Rule 26 discovery disclosures have not been made. Also, although Airborne has filed a Motion to Dismiss the Complaint for lack of personal jurisdiction (Doc. # 24), none of the named Defendants has answered the complaint.

Airborne argues Plaintiff's amendment of the Complaint should be denied because it seeks to add causes of action that have been available to Plaintiff since it first filed the Complaint eight months ago, based on facts and documents that have been in Plaintiff's possession or accessible to Plaintiff for years prior to filing the initial Complaint. Airborne contends that the proposed Amended Complaint does far more than merely add a claim for breach of fiduciary duty against Airborne or add

a new party to the suit. Instead, Airborne argues that Aviation One is clandestinely attempting to add

that Aviation One is now suing on behalf of its "assignee" and add or amend allegations addressing

personal jurisdiction, subject-matter jurisdiction, venue, damages, negligence, and common-law

indemnity which address failings identified by Airborne's Motion to Dismiss.  Airborne also argues

that the proposed amendment is futile because any claims against Airborne are premature prior to

resolution of Plaintiff's lawsuit against the insurer, which is currently pending in South Africa.

        Aviation One's Motion to Amend is timely and filed before the deadline of May 30, 2014 that

Judge Honeywell set in the CMSO. Airborne concedes that the amended complaint will appropriately

cure deficiencies Airborne identified in its Motion to Dismiss.  Leave to amend should be freely

granted "in the absence of undue delay, bad faith or dilatory motive . . . [or] *repeated* failure to cure

deficiencies by amendments previously allowed." *Foman v. Davis,* 371 U.S. 178, 182 (1962)

(emphasis added).  In this case, this is Aviation One's first amendment to the Complaint and is not

in "repeated" failure to cure deficiencies. *Courtney v. Clark,* 2007 WL 2786368  (M.D. Ala. Sept.

24, 2007) (denying amendment where party had repeatedly failed to cure deficiencies in her compliant

by filing multiple amendments and defendants would be forced to file and brief their fourth motion

to dismiss).

        Thus, Airborne's only viable argument opposing Aviation One's amendment concerns whether

the amendments are futile.  "While the court should grant leave 'when justice so requires,' a district

court need not 'allow an amendment . . . where amendment would be futile.'" *Bryant v. Dupree*, 252

F.3d 1161, 1163 (11th Cir. 2001).  Airborne argues that the amended complaint will be subject to

"immediate dismissal or summary judgment in favor of Airborne" because (1)  the claim against

Airborne has not accrued and will be subject to immediate dismissal and (2) the Court lacks personal

jurisdiction over Airborne, as discussed in Airborne's extensive Motion to Dismiss, pending before

the District Court. *See* Docs. 34, 52.  The Court notes that Aviation One alleges in the proposed

Amended Complaint (Doc. 51-1) that "[a]lthough not authorized to engage in business in the state, Airborne as agent, bound, issued and delivered a policy of aviation insurance to Florida resident Aviation One in Florida, to insure an aircraft that was in Florida at the time coverage was issued" and the "subject aircraft was registered and located in a hangar in Volusia County, Florida." Doc. 51-1 ¶¶ 6-7. At least for purposes of determining whether amendment of the Complaint would be clearly futile as to personal jurisdiction allegations, Plaintiff's allegations state at least a plausible basis for personal jurisdiction over Airborne.[2]

Airborne argues that the claims against it would be futile because Aviation One's claim for agent negligence has not yet accrued; a cause of action against an insurance broker is premature until the insured or third party's action against the insurer has been resolved in the insurer's favor.  Doc. 59 at 7 (citing *Fontainebleau Gardens Condo. Ass'n, Inc. v. Pacific Ins. Co., Ltd.*, 768 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (explaining "an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final." (internal quotation marks omitted)); *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001).  Thus, Airborne argues, no cause of action against it is currently ripe; only if Aviation One loses its breach of contract action against the insurer (Guardrisk) in the South Africa litigation will the negligence claim ever be at issue.  *See also Looney v. Protective Life Ins. Co.*, No. 8:07-cv-1020, 2007 WL 2669190, at *4 (M.D. Fla. Sept. 6, 2007) (explaining that if the plaintiff is successful under the insurance policy, then the plaintiff will have suffered no damages due to the alleged negligence of the insurance agent). Airborne argues that Aviation One is in the midst of litigating against Guardrisk for breach of the insurance policy in South Africa (and thereby alleging the existence of coverage), yet suing Airborne for failure to procure that very coverage; thus, Aviation One's claims in this Florida lawsuit against Airborne are premature.

[2]The District Court is free to decide the issues raised in any motion seeking dismissal of Airborne for lack of personal jurisdiction based on the parties' full briefings.

However, Aviation One's allegations in its Proposed Amended Complaint are distinguishable from the singular negligence allegations in the cases cited by Airborne because of the additional claims asserted here.   Doc. 59 at 8 (citing, *e.g.*, *Looney*, 2007 WL 2669190, at *4 (granting motion to dismiss action brought against insurance agent where the coverage action against the insurer was not final); *Wright v. Standard Ins. Co.*, No. 8:07-cv-1586, 2008 WL 5070228, at *3 (M.D. Fla. Nov. 24, 2008) (allowing voluntary dismissal after holding that the negligence claim against the agent was premature until coverage issue was decided)).

In this case, in addition to the negligent procurement of insurance claim (Count I), Aviation One also alleges claims for breach of fiduciary duty (Count II) and common law indemnity (Count III). The breach of fiduciary duty claim alleges "[f]ollowing the crash, Airborne assumed the role of counselor and advisor to Aviation One regarding its rights under the policy, served as Aviation One's representative in communications with Guardrisk, and ultimately obtained legal counsel, whom it advised Aviation One was fully advised in the premises and it encouraged Aviation One to confer with Guardrisk to confirm Airborne's contention that Guardrisk should cover the claims and could be expeditiously persuaded to do so." Doc. 51-1 ¶ 54.  Following the crash, Aviation One relied on Airborne to advise Aviation One of its rights under the policy and possible recourse against Guardrisk, which activities were undertaken by Airborne; Aviation One, unfamiliar with litigation, reasonably relied on the course of action directed by Airborne, who represented itself as informed and experienced regarding aviation insurance.  Doc. 51-1 ¶ 57.  Aviation One alleges in part that Airborne is liable for breach of fiduciary duty in assuming representation in pursuing coverage for its loss and failing to inform Aviation One of all material facts, including Airborne's conflicting interests with Aviation One in hiring Airborne's legal counsel, Clyde & Co.  Doc. 51-1 ¶ 61.

Under Florida law, a claim for breach of fiduciary duty and for negligent failure by a broker to procure requested insurance coverage are separate causes of action and may be pled in the

alternative.  *Wachovia Ins. Services, Inc. v. Toomey*, 994 So.2d 980, 990 (Fla. 2008) (holding insurance brokers will often have both a fiduciary duty to their insured-principals and a common-law duty to properly procure requested insurance coverage).  As Aviation One argues, counsel for the South African case against Guardrisk was selected by Airborne despite the conflict of interest and the coverage issues may never reach resolution[3].

Aviation One alleges it is entitled to indemnity from Airborne because Aviation One is wholly without fault in this action and it has incurred damages and obligations to pay legal fees and costs, travel and transportation expenses, loss of use damages, and sums owed to the third-party lender on the 1900C solely as a result of Airborne's multiple acts of negligence and negligent omissions in securing insurance for Aviation One *and* breaching its fiduciary duty to Aviation One.  Doc. 51-1 ¶ 67.  To succeed on a common law indemnity claim in Florida, "the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another . . . who was at fault."  *Dade County School Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla. 1999); *Federal Ins. Co. v. Western Waterproofing Co.*, 500 So.2d 162, 165 (Fla. 1st DCA 1986).

In opposing Aviation One's Motion to Amend, Airborne does not discuss the supposed futility of Aviation One's breach of fiduciary duty or indemnity claims, or the alleged conflicts which may keep the coverage issue from being timely decided.  *See* Doc. 59.  Thus, Aviation One's claims for breach of fiduciary duty and indemnity, which are based (at least partially) on separate facts that occurred *after* the Crash when Airborne allegedly advised Aviation One to hire counsel and/or pursue Guardrisk, cannot at this juncture be deemed futile.  Accordingly, Aviation One's Motion to Amend its Complaint should be **GRANTED.**

## IV. Conclusion

---

[3]Doc. 61 at 2.

It is respectfully **RECOMMENDED** that Aviation One's Motion to Amend (Doc. 51) be **GRANTED**. It is further respectfully **RECOMMENDED** that Airborne's Motion to Dismiss the Complaint (Doc. 34) be **DENIED** as moot with leave to refile once the Amended Complaint is filed, if warranted, and Aviation One's Motion to File a Reply (in support of Motion to Amend) and to Strike Affidavit (filed by Airborne in support of Reply to Motion to Dismiss) (Doc. 61) be **DENIED** as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 7, 2014.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy