**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Case No.:  6:13-cv-1243-Orl-36DAB**

AVIATION ONE OF FLORIDA, INC.,

                    Plaintiff,

vs.

AIRBORNE INSURANCE CONSULTANTS,
LTD., AFRICA TOURS & TRAVEL d/b/a
SA GUINEE, MOHAMED DIAOUNE and
CLYDE & CO., LLP,

                    Defendants.
_____/

## CLYDE & CO., LLP'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND MOTION TO QUASH IMPROPER SERVICE OF PROCESS OR, ALTERNATIVELY, MOTION TO DISMISS FOR IMPROPER VENUE AND SUPPORTING MEMORANDUM OF LAW

      COMES NOW the Defendant, CLYDE & CO., LLP ("Clyde"), by and through its undersigned counsel, ***appearing specially and not generally***, and pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(4) and 12(b)(5) of the federal rules of civil procedure, respectfully moves for an Order dismissing Clyde from this action due to lack of personal jurisdiction, and for an Order quashing Plaintiff's improper service of process upon Clyde or, alternatively, an Order dismissing Plaintiff's claim due to improper venue.  In support thereof, Clyde states as follows:

### Introduction

      Clyde & Co. is a law firm based in London, England with no presence in Florida or the United States.  Plaintiff Aviation One of Florida, Inc. ("Aviation One") is

a Florida company who reached out to England and entered into a written agreement with Clyde to obtain their legal representation regarding an insurance dispute involving Plaintiff's aircraft which was insured through a broker in South Africa who obtained insurance from a South African insurance company.  The insured aircraft crashed in Africa.  Clyde & Co. was retained to provide assistance in recovering insurance proceeds from the South African insurance company.

Plaintiff does not have a sufficient basis to obtain personal jurisdiction over Clyde under Florida's long-arm statute or to meet the United States Constitution's due process requirements that Clyde have sufficient minimum contacts with Florida. Plaintiff's Complaint does not articulate any factual basis to meet those requirements.

In addition to the lack of contacts sufficient for personal jurisdiction over Clyde, Plaintiff's Complaint should be dismissed because Plaintiff signed a contract with Clyde that stipulates:

> We and you agree that any dispute or claim arising out of or in connection with such contract or its subject-matter or formation (including, without limitation, non-contractual disputes or claims) shall be:
>
> (a)  governed by and construed in accordance with English law; and
>
> (b)  subject to the exclusive jurisdiction of the English courts.

Consequently, Plaintiff cannot, as a matter of law, bring this claim against Clyde & Co. in Florida based on fundamental principles of due process and personal jurisdiction which dictate that this Court cannot exercise personal jurisdiction over Clyde & Co. in Florida and also because of Plaintiff's own express agreement.

**Background**

This action arises out of an insurance coverage dispute resulting from the crash of a Beech model 1900C aircraft that occurred in Guinea, West Africa. (Dkt. 67, ¶¶ 27, 30). Plaintiff retained the services of Defendant, AIRBORNE INSURANCE CONSULTANTS (PTY), LTD. ("Airborne") to procure insurance for the aircraft from Guardrisk. (Dkt. 67, ¶¶ 8, 14, 19). After the crash, which occurred on September 1, 2009, Guardrisk refused coverage. (Dkt. 67, ¶¶ 27, 30).  Plaintiff alleges that Airborne initially retained Clyde to represent Aviation One and Airborne's interests jointly in responding to Guardrisk  (Dkt. 67, ¶¶ 33, 34).  Subsequently, Aviation One and Clyde entered into a contract for legal services.  The complete contract was not attached as an exhibit to the Amended Complaint.  Exhibit E of the Amended Complaint (Dkt. 67-1) is a copy of Clyde's Engagement Letter sent to Aviation One.  Along with the Engagement Letter Clyde sent to Aviation One was a document entitled "Terms of Business." (See Affidavit of David Edward Langley of Clyde & Co., attached hereto as Exhibit 1.) (¶ 24, Exhibit C to Exhibit 1.)

The Terms of Business document together with the Engagement Letter and signature page from Mr. William Udey of Aviation One forms the contract between Aviation One and Clyde. (Exhibit 1, ¶ 28.)  Plaintiff's principal William Udey signed the Engagement Letter indicating his agreement to both the Engagement Letter and Terms of Business.  (Exhibit 1 ¶ 27 (with attached Exhibit F to Exhibit 1.))  The contract provides that any dispute under the contract shall be governed by and construed in accordance with English law and subject to the exclusive jurisdiction of

the English courts. (Exhibit 1, ¶ 26 with attached Exhibit C.)

On May 16, 2014, Aviation One filed its Amended Complaint (Dkt. 67), alleging that Clyde committed professional negligence resulting in damages to Aviation One (Dkt. 67, Count IV).

## LEGAL ANALYSIS

### I.    Jurisdictional Allegations

It is difficult to discern the jurisdictional allegations in the Amended Complaint that pertain to Clyde. Paragraph 5 of the Amended Complaint (Dkt. 67) reads:

> 5.    Defendant Clyde & Co., LLP, refers to the limited liability partnership, registered in England and Wales and includes partners in the firm, Alex Stovold and Gareth Lewis. It is referred to below as "Clyde & Co."

Paragraph 10 of the Amended Complaint (Dkt. 67) reads:

> 10.    Venue lies in the Middle District of Florida, where Aviation One resides, payment was due, Plaintiff's loss was suffered, and advice and legal services were provided, under applicable law and contract as set forth below.

Paragraph 70 of the Amended Complaint reads:

> 70.    This is an action for professional negligence against the firm of Clyde & Co., based on services rendered by its partners, Alex Stovold and Gareth Lewis (collectively "Clyde & Co.").

Clyde can find no other jurisdictional allegations in the Amended Complaint that pertain to Clyde.  From the allegations outlined above, it would appear that Aviation One is attempting to obtain personal jurisdiction over Clyde under Florida's Long-Arm Statute, §48.193, for doing business in Florida and/or for committing a tort,

professional negligence, in Florida.  For the reasons set forth below, however, there can be no personal jurisdiction over Clyde under any circumstance.  First, Clyde has no business presence in Florida and did not do work in Florida in this matter. Second, the contract between Aviation One and Clyde contains a mandatory forum selection clause that provides that all matters arising out of or in connection with any dispute under the contract between Aviation One and Clyde shall be governed by and construed in accordance with English law and subject to the exclusive jurisdiction of the English courts. (Exhibit 1 ¶ 26, with attached Exhibit C.)  Accordingly, Clyde must be dismissed from this action due to lack of personal jurisdiction over Clyde in Florida or, alternatively, for improper venue.

Furthermore, the Summons issued to Clyde in this case was based upon insufficient and erroneous jurisdictional allegations and, therefore, the Summons is insufficient.  Accordingly, Plaintiff's improper service of process upon Clyde must be quashed.

## II.    Criteria for Exercise of Personal Jurisdiction

In order to establish personal jurisdiction over a foreign Defendant within a Florida court, the allegations of the complaint must pass a two-pronged test.  First, there must be a basis for jurisdiction under one of the various criteria contained in the Long-Arm Statute.  Second, there must be sufficient minimum contacts between the Defendant and Florida so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996); Response Reward

Systems, L.C. v. Meijer, Inc., 189 F. Supp. 2d, 1332, 1335 (M.D. Fla. 2002); Int'l.

Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945).

**III.    Plaintiff Has Not Established And Cannot Establish a Basis For Long-Arm Jurisdition over Clyde**

   **A.    Plaintiff has not alleged sufficient jurisdictional facts to subject Clyde to Florida's Long-Arm jurisdiction.**

The initial inquiry is whether the Plaintiff has alleged sufficient jurisdictional

facts to subject the Defendant to Florida's long-arm jurisdiction.    "For this

requirement, a plaintiff may simply track the language of the statute." Venetian

Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  Once Plaintiff has met

this initial burden, the Plaintiff must then demonstrate that the Defendant possesses

sufficient minimum contacts to satisfy the constitutional due process requirements.

Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So. 2d 838, 840-841 (Fla. 4th

DCA 1997) citing Venetian Salami, 554 So. 2d at 502; Sculptchair v. Century Arts,

Ltd., 94 F. 3d 623 (11th Cir. 1996); Lauzon v. Ribkoff, 77 F. Supp. 2d, 1250, 1253

(S.D. Fla. 1999); Am. Investors Life Ins. Co. v. Webb Life Ins. Agency, Inc., 876 F.

Supp. 1278 (S.D. Fla. 1995); Structural Panels, Inc. v. Texas Aluminum Industries,

Inc., 814 F. Supp.1058 (M.D. Fla. 1993).

The burden of proving personal jurisdiction rests with the Plaintiff.  Steinhilber

v. Lamoree, 825 F. Supp. 1003, 1005 (S.D. Fla. 1992); Lauzon, 77 F. Supp. 2d at

1253.

Jurisdiction under the Florida Long-Arm Statute requires greater contacts with

the state than those called for under the Due Process Clause.  Am. Investors Life Ins.

<u>Co.</u>, 876 F. Supp. at 1280.  Florida Courts require substantial proof before exercising personal jurisdiction over non-resident defendants. <u>Lauzon</u>, 77 F. Supp. 2d at 1255. The Florida Long-Arm Statute is strictly construed. <u>Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.</u>, 701 F. 2d 889, 891 (11th Cir. 1983); <u>Green v. USF&G, Corp.</u>, 772 F. Supp.1258 (S.D. Fla. 1991)*; and* <u>Rafal v. Mesick</u>, 661 So. 2d 79 (Fla. 2d DCA 1995).

The Florida Long-Arm Statute, F.S. §48.193, provides in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
>
> * * * * *
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> a. The defendant was engaged in solicitation or service activities within this state; or
>
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

\* \* \* \* \*      \* \* \* \* \*      \* \* \* \* \*

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Plaintiff does not articulate in the Complaint Plaintiff's theory of the application of the Long-Arm statute to Clyde or any alleged business contacts that Clyde has with the state of Florida. Accordingly, plaintiff has not alleged sufficient jurisdictional facts to subject Clyde to Florida's long-arm jurisdiction.

### B.    Clyde is not a resident of Florida for jurisdictional purposes

Clyde is a limited liability partnership registered in England and Wales. (Dkt. 67, ¶ 4), (Exhibit 1 ¶ 4.).  Clyde is not now, nor has it ever, registered with the Florida Department of State, Division of Corporations as a foreign partnership doing business in Florida. (Exhibit 1, ¶ 6.)  Clyde is not an active company in Florida and it does not have a designated registered agent for service of process in Florida. (Exhibit 1, ¶ 6, 15.)  Clyde has no office in Florida. (Exhibit 1, ¶ 5.)  Clyde has no telephones in Florida. (Exhibit 1, ¶16.)  Clyde has no bank account in Florida. (Exhibit 1, ¶ 16.)  Clyde has no property in Florida. (Exhibit 1, ¶ 8). Thomas v. Brown, 504 Fed. Appx. 845 (11th Cir. 2013) (holding that Ohio law firm did not have sufficient minimum contacts with Florida. The Defendant law firm had no office, telephone, bank account, or property of any kind in the state of Florida). Clyde's principal place of business is in London. (Exhibit 1 ¶4.)  Clyde has no employees or agents in Florida. (Exhibit 1, ¶ 7.)  Clyde pays no taxes in Florida. (Exhibit 1, ¶10.)  It does not

engage in any advertising directed to Florida. (Exhibit 1, ¶11.)

Here, Aviation One contracted with Clyde for Clyde to represent Aviation One regarding an insurance coverage dispute with a South African company. (Exhibit 1, ¶12.)  No legal services for Aviation One were performed in Florida. (Exhibit 1 ¶ 17.) All work was performed at Clyde's London office. (Exhibit 1, ¶17.)  No one from Clyde visited Florida to meet with anyone at Aviation One. (Exhibit 1, ¶13.)  Clyde is not a resident of Florida for jurisdictional purposes.  In short, Plaintiff reached out from Florida to an English law firm to obtain help to recover from an African insurance company concerning a plane crash in Africa.

### C.    There is no general jurisdiction over Clyde under the Long-Arm Statute

A court may assert general jurisdiction over foreign sister-state or foreign-country corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. Daimler AG v. Bauman,134 S.Ct. 746, 754 (2014). General jurisdiction arises from a defendant's contact with the forum that is unrelated to the cause of action.  General Cigar Holdings v. Altadis S.A., 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002), citing Consol. Development Corp. v. Sherritt, Inc., 216 F. 3d 1286, 1292 (11th Cir. 2000).

Florida Statute §48.193(2) provides courts with general jurisdiction only over a defendant that has contacts with the forum that are continuous and systematic. General Cigar, 205 F. Supp. 2d at 1343.

Under §48.193(2), jurisdiction can only be established over a non-resident

defendant if said defendant is engaged in substantial and not isolated activity within the forum state whether or not the claim arises from that activity.  <u>See</u> <u>Response Reward Systems, L.C. v. Meijer, Inc.</u>, 189 F.Supp.2d 1332, 1336 (M.D. Fla. 2002); <u>Structural Panels</u>, 814 F. Supp. at 1064-1066; <u>Sofrar v. Graham Engineering Company</u>, 35 F. Supp. 2d, 919, 921 (S.D. Fla. 1999); and <u>Elmlund v. Mottershead</u>, 750 So. 2d 736, 737 (Fla. 3rd DCA 2000).

Clyde is <u>not</u> "essentially at home" in Florida.  Clyde is not registered by the State of Florida and has no employees, agents, assets, bank accounts, indebtedness, offices, properties, telephone numbers or mailing addresses in Florida; and, it does not solicit business in Florida. (Exhibit 1 ¶ 6,7,16.)   Clyde has <u>no</u> substantial, continuous or systematic contacts with this state.  Accordingly, there is no general jurisdiction over Clyde under the Long-Arm Statute.

### D.      There is no specific jurisdiction over Clyde under the Long-Arm Statute

Specific jurisdiction can only be obtained over a non-resident defendant under either the "doing business" prong or "tort" prong of the Florida Long-Arm Statute.

### 1.      There is no specific jurisdiction over Clyde under the "Doing Business" Prong

In order to satisfy the "doing business" prong of the Long-Arm Statute, Florida Statute §48.193(1)(a)1 requires Plaintiff to demonstrate that the non-resident defendant conducts business in the state sufficient to justify exercise of personal jurisdiction over the non-resident defendant under the Florida Long-Arm Statute. <u>Fasco Controls Corp. v. Gable</u>, 688 So. 2d 1029 (Fla. 5th DCA 1997).  To establish

that a non-resident defendant is "doing business" in the state of Florida for purposes of the Long-Arm Statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit. Future Technology Today, Inc. v. OSF Healthcare Systems, 106 F. Supp. 2d 1279, 1281 (S.D. Fla. 1999) citing Sculptchair, 94 F. 3d at 627.

Plaintiff must also demonstrate that Plaintiff's claims arise from, or are connected with, an alleged act or transaction committed by the non-resident defendant in Florida. See Univ. of So. Fla. Bd. of Regents v. Sherman & Shalloway, 1994 WL 143081 (M.D. Fla.), citing Polskie Linie Oceaniczne v. Seasafe Transport A/S, 795 F. 2d 968, 970-972 (11th Cir. 1986) (explaining that there must be some nexus or connection between the business carried on in Florida and the cause of action alleged.)

Clyde does not do business in Florida.  Therefore, it is axiomatic that there is no nexus or connection between Clyde's "business carried on in Florida" and the cause of action alleged.  As stated previously, all of Clyde's work related to its representation of Aviation One occurred in its London office. (Exhibit 1, ¶ 17.)  No legal work was performed in Florida. Therefore, this Court does not have specific jurisdiction over Clyde under the "doing business" prong of the Long-Arm Statute.

### 2.    There is no specific jurisdiction over Clyde under the "Tort" Prong

For specific jurisdiction to attach under the "tort" prong of the Long-Arm Statute, §48.193(1)(a)2, the Plaintiff must allege that the non-resident defendant committed a substantial aspect of the alleged tort at issue in Florida.  Cable/Home

Communication Corp, v. Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990);

Meter Logic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346, 1354 (S.D. Fla.

2000), citing L.O.T.I. Group Products v. Lund, 907 F. Supp. 1528, 1532 (S.D. Fla.

1995).  This showing is made when the Plaintiff establishes that the non-resident

defendant's activities in Florida "were essential to the success of the tort." General

Cigar, 205 F. Supp. 2d at 1345, citing Williams Electric Company v. Honeywell, 854

F. 2d 389, 394 (11th Cir. 1988).

There is no tort at issue that occurred in Florida because the alleged

professional negligence took place in England.  Clyde denies that it committed any

negligence, in whole or in part, with respect to the issues in this litigation; and more

specifically, Clyde did not commit any tort, in whole or in part, within the State of

Florida.  All of the legal work performed by Clyde on behalf of Aviation One occurred

in London, England. (Exhibit 1)  Any alleged action or failure to act that is the subject

of Plaintiff's tort claim occurred in England.  Accordingly, the "tort" prong of the Long-

Arm Statute is not satisfied because Plaintiff cannot establish that Clyde's activities in

Florida were essential to the success of the tort.

## IV.   The Exercise of Personal Jurisdiction Over Clyde Does Not Satisfy Due Process Under the Fourteenth Amendment

As stated previously, the inquiry for purposes of determining personal

jurisdiction is a two-prong test.  First, there must be a basis for jurisdiction under one

of the various criteria contained in the Long-Arm Statute.  Second, there must be

sufficient minimum contacts between the Defendant and Florida so as to satisfy

traditional notions of fair play and substantial justice under the Due Process Clause

of the Fourteenth Amendment. Assuming, *arguendo*, that Plaintiff meets the requirements of the Long-Arm Statute, although Plaintiff has not done so, Plaintiff must still additionally meet the "minimum contacts" test under the Due Process Clause.

The Due Process Clause under the Fourteenth Amendment to the United States Constitution limits a court's power to exercise personal jurisdiction over a non-resident defendant to instances where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Company v. State of Washington, 326 U.S. 310, 316 (1945).

The question of whether due process requirements have been established under the facts involves a two-prong inquiry.   First, did the nonresident defendant establish minimum contacts with the forum?   Second, would the exercise of jurisdiction offend traditional notions of fair play and substantial justice?   Madara v. Hall, 916 F. 2d 1510, 1516 (11th Cir. 1990).

**A.     Clyde Did Not Establish Sufficient Minimum Contacts With Florida to Meet Due Process Requirements**

In this case, Plaintiff has not asserted any form of minimum contacts between Clyde and the state of Florida except to allege in vague terms that venue lies in the Middle District of Florida where Plaintiff alleges advice and legal services were provided.  (Dkt. 67, ¶ 10)  However, as discussed previously, Clyde, in fact, does not and has not conducted business in Florida. All of the legal work Clyde performed for Aviation One was performed in London.  (Exhibit 1, ¶ 17.)  Accordingly, the minimum

contacts prong is not satisfied.

Federal law applies to determine whether assertion of jurisdiction over a nonresident defendant comports with due process.  Poston v. American President Lines, Ltd., 452 F. Supp. 568, 571 (S.D. Fla. 1978).  See Madara, 916 F. 2d 1510; Groome v. Feyh, 651 F. Supp. 249 (S.D. Fla. 1986).

To constitute minimum contacts with a state for specific personal jurisdiction, the defendant's actions must provide the defendant with fair warning.  Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2181-82 (1985).  This requirement is satisfied if the defendant purposefully directs activities in Florida and litigation arises out of those activities, id., or the defendant "purposefully avails" itself of the privilege of conducting activities within the forum state.  Hanson v. Denckla, 78 S.Ct. 1228, 1240 (1958).  Additionally, the activities must be of such character that the defendant would reasonably anticipate being hailed into court in Florida.  World-Wide Volkswagen Corp. v. Woodson, 100 S.Ct. 559, 567 (1980); Burger King, 105 S.Ct. at 2181-82.  A defendant may not be hailed into a jurisdiction solely as a result of "'random,' 'fortuitous,' or 'attenuated'" contacts.  Id. at 2189.  The Supreme Court has emphasized that it is "the actions of the defendant himself that must create a 'substantial connection' with the forum . . ."  Johnston v. Frank E. Basil, Inc., 802 F. 2d 418, 420 (11th Cir. 1986) (citations omitted).

Clyde is a limited liability partnership registered in England and Wales. (Dkt. 67, ¶ 4), (Exhibit 1 ¶ 4.).  Clyde is not now, nor has it ever, registered with the Florida Department of State, Division of Corporations as a foreign partnership doing

business in Florida. (Exhibit 1, ¶ 6.)  Clyde is not an active company in Florida and it does not have a designated registered agent for service of process in Florida. (Exhibit 1, ¶ 6, 15.)  Clyde has no office in Florida. (Exhibit 1, ¶ 5.)  Clyde has no telephones in Florida. (Exhibit 1, ¶16.)  Clyde has no bank account in Florida. (Exhibit 1, ¶ 16.)  Clyde has no property in Florida. (Exhibit 1, ¶ 8). <u>Thomas v. Brown</u>, 504 Fed. Appx. 845 (11th Cir. 2013) (holding that Ohio law firm did not have sufficient minimum contacts with Florida. The Defendant law firm had no office, telephone, bank account, or property of any kind in the state of Florida). Clyde's principal place of business is in London. (Exhibit 1 ¶4.)  Clyde has no employees or agents in Florida. (Exhibit 1, ¶ 7.)  Clyde pays no taxes in Florida. (Exhibit 1, ¶10.)  It does not engage in any advertising directed to Florida. (Exhibit 1, ¶11.)

Here, Aviation One contracted with Clyde for Clyde to represent Aviation One regarding an insurance coverage dispute with a South African company. (Exhibit 1, ¶12.)  No legal services for Aviation One were performed in Florida. (Exhibit 1 ¶ 17.)  All work was performed at Clyde's London office. (Exhibit 1, ¶17.)  No one from Clyde visited Florida to meet with anyone at Aviation One. (Exhibit 1, ¶13.)  Accordingly, the minimum contacts prong is not satisfied.

**B.    Clyde Could Not Have Anticipated Being Hailed Into Florida Courts Due to Lack of Sufficient Contacts and Because Plaintiff Agreed Any Dispute With Clyde Would Be Venued In England**

Clyde did not engage in actions to establish substantial contacts with Florida such that Clyde could have reasonably anticipated being hailed into court in Florida. Asserting jurisdiction over Clyde would offend traditional notions of fair play and

substantial justice.   As dispositive proof of Clyde's expectations, Clyde explicitly agreed with Plaintiff that any dispute with the Florida based Plaintiff would be adjudicated in England, not Florida.  Exhibit E to the Amended Complaint (Dkt. 67-1) is an Engagement Letter from Clyde to Aviation One. The exhibit is missing the Terms of Business that was sent to Aviation One with the Engagement Letter. The Engagement Letter, Terms of Business, and signature page from Aviation One constitute the contract under which Clyde performed its legal services. (Exhibit 1 ¶ 28 and attached Exhibits B and C.)  That contract specifically provides that all matters arising out of or in connection with any dispute under the contract <u>shall</u> be governed by and construed in accordance with English law and subject to the <u>exclusive</u> jurisdiction of the English courts. (Exhibit 1 ¶ 26.) There is no proof that Clyde ever purposefully availed itself of activities to create jurisdiction in Florida.  To the contrary, the contract that controls this transaction and any related tort dispute between Plaintiff and Clyde shows the expectation and selection of jurisdiction in England.

The forum selection clause in this case shows that Clyde never anticipated being hailed into court in Florida.  Clyde does not conduct business in the State of Florida.  Additionally, the plane crash that is the subject of this litigation did not occur in Florida.  Clyde was retained regarding an insurance coverage dispute with a South African company.  There is simply no basis to hail Clyde into a Florida court to defend itself in this litigation.  Plaintiff should be required to follow its own agreement and pursue any claim in England.   The exercise of jurisdiction under these facts, therefore, would offend traditional notions of fair play and substantial justice.

Accordingly, the Due Process prong is not satisfied and Plaintiff's Complaint against Clyde should be dismissed.

## MOTION TO QUASH SERVICE OF PROCESS

### Service of Process on Clyde was insufficient and improper and therefore must be quashed

Clyde should also be dismissed from this action for insufficiency of process and insufficiency of service of process.   Service of process upon Clyde was erroneous and invalid because the attempted service of process was based on Plaintiff's insufficient and erroneous jurisdictional allegations.

As outlined in the arguments above, Clyde does not conduct business in Florida. This Court cannot properly exercise personal jurisdiction over Clyde. Accordingly, Plaintiff's jurisdictional allegations against Clyde in the Amended Complaint are erroneous and insufficient and the conclusory allegations are incorrect. Therefore, to the extent Plaintiff intended to obtain service of process on Clyde, the attempted service was insufficient, improper and must be quashed.

## MOTION TO DISMISS FOR IMPROPER VENUE

### Plaintiff's Complaint Against Clyde In Florida Must Be Dismissed Due to Improper Venue Based On Plaintiff's Agreement With Clyde

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. Gulf Power Co. v. Coalsales II, LLC, 2008 WL 563484, at *5 (N.D.Fla.Feb.27, 2008) (citing Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D.Fla. 2004)); Brown v. Brown, 2007 WL 949424, at * 2 (M.D.Fla. Mar. 27, 2007). In considering such a motion, a court accepts the facts in

the plaintiff's complaint as true. <u>Wai</u>, 315 F.Supp.2d at 1268. For defenses raised under 12(b)(3), improper venue, "the court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that venue is proper in this court." <u>Id</u>. Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." <u>Id</u>.

Here, even if the court has jurisdiction over Clyde, which it does not, this case has been brought in the wrong venue. Venue for any disputes between Aviation One and Clyde lies in the English courts based on the Agreement between Plaintiff and Clyde. Plaintiff's Complaint should be dismissed because Plaintiff signed a contract with Clyde that stipulates:

> We and you agree that any dispute or claim arising out of or in connection with such contract or its subject-matter or formation (including, without limitation, non-contractual disputes or claims) shall be:
>
> (a)    governed by and construed in accordance with English law; and
>
> (b)    subject to the exclusive jurisdiction of the English courts.

Consequently, Plaintiff cannot, as a matter of law, bring this claim against Clyde in Florida based on their own agreement.    On 30 April 2014, Mr. Alex Stovold from Clyde sent an email to Mr. William Udey of Aviation One. (Exhibit 1 ¶ 23.)  The email provided Aviation One with Clyde's Engagement Letter and Terms of

Business. (Exhibit 1 ¶ 24.) The Terms of Business contains the forum selection clause as stated above. (Exhibit 1 ¶ 26.)  Plaintiff's principal, William Udey, signed the Engagement Letter agreeing to both the Engagement Letter and Terms of Business (Exhibit 1, ¶ 27 at Exhibit F.)

Forum selection clauses in contracts are enforceable in federal courts. P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing M/S Bremen v. Zapata Off-Shore Co., 92 S.Ct. 1907 (1972)). Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances. Krenkel v. Kerzner International Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). The forum selection clause at issue, here, is not unfair or unreasonable and was agreed to by Aviation One.  Mr. Udey, on behalf of Aviation One, signed the following statement:

> I agree to the terms in this letter and in Clyde & Co LLP's
> Terms of Business [(1 September 2009 Edition)], which I
> have received. (Exhibit 1, ¶ 27 at Exhibit F.)

Accordingly, Aviation One acknowledged receipt of the Terms of Business and also agreed to the forum selection clause. Therefore, this court should dismiss plaintiff's complaint for improper venue. Lipcon v. Underwriters at Lloyd's London, 148 F.3d 1285 (11th Cir. 1998) (forum selection clauses in international agreements are prima facie valid and should be enforced unless enforcement is shown by resisting party to be unreasonable under the circumstances). The forum selection clause, here, is not unreasonable under the circumstances. Aviation One can bring

its cause of action against Clyde in the English courts—as it agreed to do.

**Conclusion**

Clyde's Motion to Dismiss should be granted because there is neither a statutory nor a constitutional basis to subject Clyde to the jurisdiction of Florida courts.  Clyde's random, fortuitous or attenuated contacts with Florida as it relates to the allegations of this Amended Complaint makes this clear.  Clyde is not subject to personal jurisdiction under the Long-Arm Statute because Clyde is not a resident of Florida; it has no substantial, continuous or systematic contacts with the state; it does not do business in the state; and it committed no tort in the state.  Nevertheless, even if the Long-Arm Statute can be shown to apply, the exercise of jurisdiction over Clyde would not satisfy Due Process under the Fourteenth Amendment to the United States Constitution.   Clyde lacks the requisite "minimum contacts" with the state. Accordingly, maintenance of the suit against Clyde would offend traditional notions of fair play and substantial justice.

Moreover, even if the court were to find that it has jurisdiction over Clyde, this action should be dismissed for improper venue. The contract at issue in this case has a valid mandatory forum selection clause that provides that all matters arising from the provision of legal services at issue in this matter be brought in the English courts. The forum selection clause was agreed to in writing by Aviation One and is not unreasonable or unfair. Aviation One can bring its action in the English courts as Aviation One agreed to do.

WHEREFORE, the Defendant, CLYDE & CO., LLP ("Clyde"), ***appearing***

***specially and not generally***, respectfully moves for an Order dismissing it from this action due to lack of personal jurisdiction and further moves for an Order quashing Plaintiffs' improper service of process upon Clyde or, alternatively, for an order dismissing this action due to improper venue. Defendant, Clyde, requests all further relief that this Court deems appropriate.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

*/s/ Scott E. Damon*
LEWIS F. COLLINS, JR., ESQ.
Florida Bar No.: 267422
lcollins@butlerpappas.com
SCOTT E. DAMON, ESQ.
Florida Bar No.: 031909
sdamon@butlerpappas.com
PAMELA J. HENNIG, ESQ.
Florida Bar No.: 133175
phennig@butlerpappas.com
Secondary: eservice@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys For: Defendant, Clyde & Co.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 25, 2014, a true and correct copy of the foregoing was served upon counsel of record on the below Service List via this court's CM/ECF filing system.

Meredith L. Sasso, Esq.
Rosemary H. Hayes, Esq.
Hayes Law, PL
830 Lucerne Terrace
Orlando, FL 32801

msasso@const-law.com;  rhayes@const-law.com; tcochran@const-law.com
Attorneys for Plaintiff

John P. O'Flanagan, III, Esq.
Banker, Lopez, Gassler, P.A.
501 East Kennedy Boulevard, Suite 1500
Tampa, FL  33601
joflanagan@bankerlopez.com
Attorneys for Airborne Insurance Consultants

By CM/ECF on June 25, 2014.


Additionally, a copy of the foregoing has been mailed to:

Mr. Mohamed Diaoune
1955 Henderson Way
Lawrenceville, GA  30043

_/s/ Scott E. Damon_____
SCOTT E. DAMON, ESQ.