IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-cv-1243-Orl-41DAB

| | |
|---|---|
| AVIATION ONE OF FLORIDA, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § |
| | § |
| AIRBORNE INSURANCE CONSULTANTS (PTY), LTD, AFRICA TOURS AND TRAVEL, LLC D/B/A S.A. GUINEA, MOHAMED DIAOUNE and CLYDE & CO., LLP, | § § § § |
| | § |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A TWENTY-TWO PAGE RESPONSE TO AIRBORNE'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff, AVIATION ONE OF FLORIDA, INC., ("Aviation One") files this motion for leave to file a twenty-two page response to Defendant, Airborne Insurance Consultants (PTY), Ltd.'s ("Airborne") Motion to Dismiss the Amended Complaint (Doc. # 86) and requests this Court accept its Response (Doc. # 87) as properly filed as follows:

**Local Rule 3.01(g) Certification**

Counsel for Airborne objects to the relief requested as counsel would only agree if Aviation One conceded a reply brief is appropriate to Aviation One's Response.

**Argument and Incorporated Memorandum of Law**

1. On September 29, 2014, Airborne filed its Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and Incorporated Memorandum of Law (its "Motion"). (Doc. # 86).

2. Accompanying Airborne's Motion is five exhibits (Doc. # 86-1 – Doc. # 86-5), including two affidavits in support.

3. Due to the numerous issues raised in Airborne's Motion, along with the significant factual and legal inaccuracies contained in its argument and supporting affidavits, Aviation One was unable to fully brief its response in 20 pages as required by Local Rule 3.01(d). In order to comply with the time restrictions of Local Rule 3.01(b), Aviation One filed its 22-page Response to Airborne's Motion on October 14, 2014. (Doc. # 87).

4. On October 20, 2014, Airborne filed a Motion for Leave to File a Reply to Aviation One's Response in which it concedes Airborne's Motion relies on "highly complex issues of state and federal law." (Doc. # 88).

5. Although Local Rule 3.01(d) limits a response to a motion to 20-pages, a Court may accept a response filed in excess of that limit where good cause exists. See e.g., D'Aprile v. Unum Life Ins. Co. of Am. 2010 WL 5209268 (M.D. Fla. Dec. 16, 2010) (accepting 25-page response where party filed motion, albeit after the fact, seeking the Court's leave to enlarge the page limit and good cause existed to grant the increased page limit).

6. Local Rule 3.01(d) provides that a motion requesting leave to file a response in excess of 20 pages not exceed three pages, specify the length of the proposed filing, and "shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper."

7. Here, good cause exists to accept Aviation One's 22-page Response because Airborne's Motion contains numerous complicated issues of state and federal law. In addition, Airborne's Motion necessitated the briefing of ancillary issues including Airborne's violation of this Court's order requiring a responsive pleading to Aviation One's Amended Complaint, rather than a Motion to Dismiss. (Doc. # 84). Moreover, Airborne's re-filing of two affidavits in

support of its Motion required briefing as to the legal sufficiency of the affidavits and the factual inaccuracies contained therein. Despite observant editing, Aviation One was unable to address the numerous issues within the 20-page limit.

8. In light of the foregoing, Aviation One requests this Court accept its 22-page Response (Doc. # 87), permitting it an additional two pages to respond to Airborne's Motion.

WHEREFORE, Aviation One of Florida, Inc. respectfully requests this Court accept its 22-page Response filed on October 14, 2014 as properly filed.

**CERTIFICATE OF SERVICE**

I certify on October 20, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to John P. O'Flanagan, Esq., attorney for Defendant, Airborne Insurance Consultants (PTY), Ltd.; Scott E. Damon, Esq., attorney for Defendant, Clyde & Co., LLP. In addition, a copy of the foregoing has been furnished by email to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA 30043, *self-represented.*

Respectfully submitted,

s/ Rosemary Hayes
Rosemary Hanna Hayes, B.C.S.
Florida Bar No.: 549509
Primary: rhayes@const-law.com
Meredith Sasso
Florida Bar No. 58189
Primary: msasso@const-law.com
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
Tel. 407.649.9974
Fax 407.649.9379

**ATTORNEYS FOR PLAINTIFF
AVIATION ONE OF FLORIDA, INC.**