IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:13-cv-1243-Orl-41DAB

| | |
|---|---|
| AVIATION ONE OF FLORIDA, INC., § § Plaintiff, § § vs. § AIRBORNE INSURANCE CONSULTANTS § (PTY), LTD, AFRICA TOURS AND TRAVEL, § LLC D/B/A S.A. GUINEE, MOHAMED § DIAOUNE and CLYDE & CO., LLP, § § Defendants. § | **ALTERNATIVE MOTION FOR RULE 54(B) CERTIFICATION** |

Plaintiff, Aviation One of Florida, Inc., ("Aviation One") files this Motion for Rule 54(b) Certification.

Airborne Insurance Consultants (PTY), Ltd. ("Airborne") and Clyde & Co. LLP ("Clyde & Co." or "Clyde") object to the relief sought in this Motion. Africa Tours and Travel, LLC d/b/a S.A. Guinee and Mohamed Diaoune have no objection. M.D. L.R. 3.01(g)

Plaintiff incorporates its Motion to Alter/Amend by reference, to the extent appropriate and seeks alternative relief in the Motion for Rule 54(b) certification is that Motion is denied.

"A judgment that eliminates fewer than all the . . . parties is not a final, appealable judgment; thus an order dismissing one plaintiff, but not others, is not immediately appealable by the dismissed plaintiff." Citizens Concerned About Our Children v. Sch. Bd. Of Broward County, Fla., 193 F.3d 1285, 1289 (11th Cir. 1999) (interpreting Rule 54(b)).  In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Federal Rule of Civil Procedure 54(b). Seahorse Boat & Barge Corp. v. Jacksonville Shipyards, Inc., 617 F.2d 396, 397 (5th Cir. 1980).

There is, however, a vehicle under which a dismissed party may obtain a judgment that is immediately appealable. That vehicle is through a Federal Rule of Civil Procedure 54(b) Certification. Under Rule 54(b), "[w]hen . . . multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). "A judgment properly may be certified under the terms of Rule 54(b) only if it possesses the requisite degree of finality." In re SE Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995). A judgment may be certified for immediate appeal under Rule 54(b), if it dismisses a party entirely. Id. (citation omitted). Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") allows a district court to direct entry of an appealable judgment where all the claims against all of the parties have not been resolved if the court finds: (1) that multiple claims or parties are fully resolved; (2) that there is no just cause for delay; and (3) that the judgment constitutes a final judgment. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956). The decision to do so "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision ... is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980); Lane v. Cap. Acquisitions & Mgmt. Co., 569 F. Supp. 2d 1268, 1269-70 (S.D. Fla. 2008) (dismissal for claims for lack of personal jurisdiction constituted final judgment).

The March 18 order of dismissal is a final judgment on claims against Clyde and Airborne. As to Airborne, the time ran for a case in South Africa against it while Aviation One followed the counsel of its advisors. The order satisfies the "finality" requirement for Rule 54(b) certification. Accordingly, Aviation One respectfully requests that, pursuant to Rule 54(b), the Court certify its order of dismissal for immediate appeal by finding: that a final determination of the remaining

counts would not affect Aviation One's claims and there is no just reason to delay a final determination of them. See Cygnar v. City of Chicago, 659 F. Supp. 320, 324 (N.D. Ill. 1987), (aff'd in part and rev. in part, on other grounds, 865 F.2d 827 (7th Cir. 1989)).

WHEREFORE Aviation One respectfully requests that the Court certify the order of dismissal for immediate appeal.

## CERTIFICATE OF SERVICE

I certify on April 15, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to John P. O'Flanagan, Esq., attorney for Defendant, Airborne Insurance Consultants (PTY), Ltd.; Scott E. Damon, Esq., attorney for Defendant, Clyde & Co., LLP. In addition, a copy of the foregoing and exhibits has been furnished by email to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA  30043, _self-represented._

Respectfully submitted,

s/ Rosemary Hayes
Rosemary Hanna Hayes, B.C.S.
Florida Bar No.: 549509
rhayes@const-law.com
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801

Tel. 407.649.9974
Fax 407.649.9379

**ATTORNEYS FOR PLAINTIFF
AVIATION ONE OF FLORIDA, INC.**