IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-cv-1243-Orl-36DAB

| | |
|---|---|
| AVIATION ONE OF FLORIDA, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § |
| | § |
| AIRBORNE INSURANCE CONSULTANTS | § |
| (PTY), LTD, AFRICA TOURS AND TRAVEL, | § |
| LLC D/B/A S.A. GUINEE, MOHAMED | § |
| DIAOUNE AND CLYDE & CO., LLP, | § |
| | § |
| Defendants. | |

**NOTICE OF SETTLEMENT AND STIPULATION FOR
ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT,
<u>AFRICA TOURS AND TRAVEL, LLC D/B/A, S.A. GUINEE</u>**

Plaintiff, Aviation One of Florida, Inc. ("Plaintiff" or "Aviation One"), hereby files this Notice of Settlement and Stipulation for Entry of Final Judgment against Defendant, Africa Tours and Travel LLC d/b/a S.A. Guinee ("SA Guinee"), and states as follows:

1.  The action arises out of damage to an aircraft that was the subject of a lease between Plaintiff, Aviation One, and Defendant, SA Guinee.

2.  Aviation One entered into a consent judgment with S.A. Guinee, signed by its principal. <u>See</u> May 7, 2015 <u>Consent and Assignment,</u> attached as Exhibit "1."

3.  The <u>Consent and Assignment</u> is designed to end this litigation as between Plaintiff and S.A. Guinee; it recites facts recalled by S.A. Guinee, and assigns any claims or rights of action S.A. Guinee may have to Plaintiff.[1]

---

[1] It is noted, soon after the <u>Consent and Assignment</u> was executed Aviation One learned the attorney that had represented SA Guinee in filing the South Africa litigation referenced in Exhibit

1

4.	Following receipt of financial information reflecting a judgment against him would not be collectible; Plaintiff has also filed a motion seeking dismissal of Defendant, Mohammad Diaoune, personal guarantor of the S.A. Guinee lease.  See <u>Plaintiff's Motion for Entry of Order Dismissing Defendant, Mohamed Diaoune</u> filed on the same day as this Motion.

**PLAINTIFF'S PENDING RULE 59 MOTION REGARDING AIRBORNE AND CLYDE PRECLUDE CLOSURE OF ENTIRE ACTION**

5.	On September 16, 2014, this Court entered an Order dismissing Defendants Airborne Insurance Consultants (PTY), Ltd. ("Airborne") and Clyde & Co., LLC ("Clyde"), *without prejudice*. [DE 93].  The order dismissed both of these Defendants on jurisdictional grounds.  The order likewise terminated the parties as Defendants in this matter.

6.	In response to that Order, on April 15, 2015, Plaintiff timely filed a <u>Motion to Alter or Amend Order of Dismissal</u>. [DE 94][2] This motion sought reconsideration of the Order dismissing Airborne and Clyde under Rule 59.

7.	Plaintiff's Rule 59 motion remains pending at this time and this case cannot be dismissed in its entirety until the Rule 59 motion has been resolved.

8.	Plaintiff also filed a <u>Motion for Rule 54(B) Certification</u> on April 15, 2015.  [DE 95].  The Rule 54(B) Motion was necessitated by the fact that the Court's order dismissing Airborne and Clyde did not affect the pending action against S.A. Guinee and Diaoune.  Thus, the order did not dispose of all parties to the action and certification was necessary to seek appellate review of the dismissal order.   The Rule 54(B) Motion likewise remains pending.

---

1 has since gone to work for Defendant, Clyde & Co., LLC. His former law firm reports the case went with him; however, thus far no one has been able to advise as to the status, *or even confirm the existence,* of the S.A. Guinee case.

[2]	Both Clyde and Airborne have served responses in opposition to Plaintiff's Rule 59 Motion, filed at DE 96 and 98, respectively.

9. Once this Court enters a judgment against S.A. Guinee in accordance with the stipulated <u>Consent and Assignment</u> filed herewith, and dismisses Diaoune as per Plaintiff's separately filed motion, Plaintiff's Rule 54(B) Motion seeking certification will be rendered moot. In other words, should the Court deny Aviation One's pending Rule 59 Motion to alter/amend the dismissal order, Aviation One will be able to appeal the order dismissing Airborne and Clyde without necessity of Rule 54(B) certification.

### CASE MANAGEMENT ORDER

10. The September 16, 2014 Order also granted Plaintiff's motion to modify the Case Management & Scheduling Order, and directed that Plaintiff and the remaining Defendants (S.A. Guinee and Diaoune) to submit a proposed amended case management report.

11. On May 29, 2015, this Court issued a revised Case Management and Scheduling Order [DE 101] that pertains *only* to Plaintiff, and to the Defendants, S.A. Guinee and Diaoune.

12. Plaintiff, Aviation One, advises the Court that entry of judgment against S.A. Guinee in accordance with the attached <u>Consent and Assignment</u>, and dismissal of Defendant, Diaoune, in accordance with the separately filed motion, should render moot the Case Management Order [DE 101]. This remains true irrespective of whether the Court grants or denies Aviation One's Rule 59 Motion, as claims against both Defendants governed by it would be concluded.

In conclusion, Aviation One respectfully requests the Court enter Final Judgment against Africa Tours & Travel, LLC d/b/a S.A. Guinee consistent with the <u>Consent and Assignment</u> for the reasons set forth herein.

### CERTIFICATE OF SERVICE

I certify that on _____, 2015 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to counsel of record and it

has been furnished by U.S. Mail and email to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA  30043, *self-represented.*

                                                s/Rosemary Hanna Hayes
Rosemary H. Hayes, B.C.S.
Florida Bar no. 549509
rhayes@const-law.com
aperez@const-law.com
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
Tel. 407.649.9974, ext. 214
Fax 407.649.9379

**ATTORNEYS FOR PLAINTIFF**