IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-cv-1243-Orl-36DAB

AVIATION ONE OF FLORIDA, INC., §
§
Plaintiff, §
§
§
V. §
§
§
AIRBORNE INSURANCE CONSULTANTS §
(PTY), LTD, AFRICA TOURS AND TRAVEL, §
LLC D/B/A S.A. GUINEE, MOHAMED §
DIAOUNE AND CLYDE & CO., LLP, §
§
Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER DISMISSING
DEFENDANT, MOHAMED DIAOUNE**

Plaintiff, AVIATION ONE OF FLORIDA, INC., ("Aviation One"), by and through undersigned counsel, and pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, files this motion for entry of an order dismissing Defendant, MOHAMED DIAOUNE ("Diaoune"), and in support thereof, states as follows:

1. The action arises out of damage to an aircraft that was the subject of a lease between Aviation One and Defendant, Africa Tours and Travel LLC d/b/a S.A. Guinee ("SA Guinee").

2. Diaoune was included as a defendant in this action as personal guarantor of S.A. Guinee's obligations to Aviation One under the lease, pursuant to a guaranty executed by Diaoune. [DE 67-1, p. 10].

3. Aviation One has entered into a consent judgment with S.A. Guinee. The consent to judgment has also been filed with the Court. See Plaintiff's Notice of Settlement and Stipulation

1

for Entry of Final Judgment against Defendant, Africa Tours and Travel, LLC d/b/a SA Guinee filed of even date herewith.

4. Aviation One has since determined with his cooperation that Diaoune is judgment proof and therefore, any further legal proceedings against Diaoune at this time would be futile and a waste of court resources and those of Aviation One, which has already suffered enormous losses and substantial expense in an attempt to seek recompense from wrongdoers. As such, Aviation One seeks to voluntarily dismiss Diaoune from this action without prejudice.

5. Diaoune and S.A. Guinee filed a Motion to Open Default on January 21, 2014, which attached a "proposed answer." [DE 29-2].[1]

6. Because Diaoune has filed an answer in this proceeding—albeit "proposed," voluntary dismissal must be by stipulation of the parties under Rule 41(a)(1)(ii), or by Court order under Rule 41(a)(2).

7. Diaoune has not filed any counterclaims, crossclaims, or third party claims in this action, and none are filed against Diaoune by other parties.

8. Because of the difficulty in reaching defendant, Diaoune, who is *pro se* and often out of the United States, to obtain an executed stipulation, Aviation One respectfully requests that this Court grant Aviation One's Motion and enter an order of dismissal without prejudice of Mohammed Diaoune.

9. Because the dismissal would impose no burdens or obligations on Diaoune, and would end this litigation against him, a court order would have the same effect as a joint stipulation between the parties, and would permit dismissal of Diaoune without further delay.

---

[1] This court denied the Motion to Open Default as moot inasmuch as no order of default had been entered against Diaoune at the time he filed his motion. [DE 30].

Plaintiff, AVIATION ONE OF FLORIDA, INC., respectfully requests entry of an order dismissing Defendant, MOHAMED DIAOUNE, from this action without prejudice.

**CERTIFICATE OF SERVICE**

I certify that on \_\_\_\_\_, 2015 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to counsel of record. In addition, a copy has been furnished by U.S. Mail and email to Mohamed Diaoune, 1955 Henderson Way, Lawrenceville, GA  30043, *self-represented.*

s/Rosemary Hanna Hayes
Rosemary H. Hayes, B.C.S.
Florida Bar no. 549509
rhayes@const-law.com
aperez@const-law.com
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
Tel. 407.649.9974, ext. 214
Fax 407.649.9379

**ATTORNEYS FOR PLAINTIFF**